

# NUMBER 13-21-00133-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF A.M.A., A CHILD

**On appeal from the 343rd District Court
of Bee County, Texas.**

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant P.A. appeals the trial court's judgment involuntarily terminating her parental rights with respect to her minor child A.M.A.[1] We affirm.

### I.    BACKGROUND

On August 24, 2019, A.M.A. was born testing positive for cocaine and suffering from withdrawal symptoms. The hospital where A.M.A. was born discharged her into the

---

[1] We refer to appellant and the child by their initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

care of the Department of Family and Protective Services (the Department) who removed A.M.A. under exigent circumstances. Subsequently, the Department placed A.M.A. with V.H. and V.H., at P.A.'s request and upon the Department having conducted a home assessment. On August 27, 2019, the Department filed its "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship," affidavit in support of removal, and supporting documentation.

A jury trial was held in which the jury determined that P.A.'s rights to A.M.A. should be terminated. A subsequent order to that effect was rendered.

This appeal followed. Appellant's court-appointed counsel has filed an *Anders* brief accompanied by a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967).

## II.    *ANDERS* BRIEF

P.A.'s court-appointed appellate counsel has filed a brief stating that she has diligently reviewed the entire record and has concluded that the appeal "presents no legally non-frivolous questions." *See id*.; *Porter v. Tex. Dep't of Protective & Regul. Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points

2

of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.").

Counsel has informed this Court in writing that she has: (1) notified P.A. that she has filed an *Anders* brief and a motion to withdraw; (2) provided P.A. with copies of both pleadings; (3) informed P.A. of her rights to file a pro se response,[2] to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) supplied P.A. with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). More than an adequate time has passed, and P.A. has filed neither a motion for pro se access to the record nor a pro se response.[3]

### III.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record and counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals

---

[2] In the criminal context, the Texas Court of Criminal Appeals has held that "the *pro se* response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

[3] We note that in her brief, P.A.'s counsel moved to extend P.A.'s pro se brief deadline to August 5, 2021. P.A. did not request access to the record or file any motion, response, or request with this Court. We dismiss counsel's motion as moot.

met the requirements of Texas Rule of Appellate Procedure 47.1."). We have specifically reviewed the trial court's findings under § 161.001(b)(1)(D) and (E) of the family code, and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under [§] 161.001(b)(1)(D) or (E) of the Family Code").

## IV.     MOTION TO WITHDRAW

P.A.'s counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant."). However, when an *Anders* brief is filed in a parental termination appeal, the appellant's right to appointed counsel extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (citing TEX. FAM. CODE ANN. § 107.013(a)(1)). Thus, in the absence of additional grounds for withdrawal, a motion to withdraw brought in the court of appeals may be premature. *Id.* Counsel is permitted to withdraw only for good cause, and counsel's belief that the client has no grounds to seek further review from the court of appeals' decision does not constitute good cause. *Id.* Here, counsel's motion does not show "good cause" for withdrawal, accordingly, counsel's motion to withdraw is denied. *See id*.[4][5]

---

[4] The Texas Supreme Court has noted that, in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).

[5] Any pending motions remaining in this matter are dismissed as moot.

## V.   CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed on the
26th day of August, 2021.